# SUPREME COURT.

## JOHNSTON agt. FELLERMAN.

A confession of judgment (§ 383) which stated that the indebtedness was upon a promissory note made by the defendant, to the order of the plaintiff, for $2,146.33, dated Dec. 11, 1854, payable four months after date, making it due April 17, 1855, *held, insufficient.*

A promissory note is a mere evidence of debt, and contains no reference whatever to the *facts* out of which the indebtedness arose.

The court allowed the judgment in this case to be *amended;* but so as not to interfere with the rights of any judgment-creditor, which might have, in the meantime, attached.

*New-York Special Term, Oct.,* 1855.
MOTION to set aside judgment on confession.

HENRY D. TOWNSEND, *for motion.*
WM. B. SMITH, *opposed.*

· CLERKE, Justice. I suppose it would not be pretended by the plaintiff's counsel, if the statement only contained an allegation that the confession was for *money due* April 17, 1855, and that the amount so due was $2,146.33, that this would be a sufficient compliance with the 2d subdivision of § 383 of the Code, requiring *the facts,* out of which the indebtedness arose, to be concisely stated. But, he maintains, because a promissory note, made by the defendant to the order of the plaintiff, showing his indebtedness, dated Dec. 14, 1854, payable four months after date, making it due April 17, 1855, (allowing

three days' grace,) is set forth in the statement, that this is a sufficient compliance with that subdivision. But in what does the difference consist? Is it not precisely the same with regard to the *generality* of its language? The note appears to me nothing more, as far as the question before me is concerned, than a repetition in written form of an acknowledgment merely of the indebtedness, and the time at which it accrued.

A promissory note is a mere evidence of debt, and, as such, is nothing more than a method of stating the simple confession of the defendant. It contains no reference whatever to the facts out of which the indebtedness arose, and can, in no respect, serve to answer the purpose which the legislature intended in requiring a concise statement of facts. This purpose, if a copy of the note were sufficient, could in every instance be evaded: the intended defendant in the judgment has only to make and hand over a promissory note, or other written evidence of debt, to the party in whose favor he intends to confess the judgment.

The object of this provision in the Code is, no doubt, the same as the court (in *Lawless* agt. *Hackett*, 16 *J. R.* 149) declared in reference to the act of 1818, (*Sess. Laws*, 1841, *Chap.* 259, § 8,) and that was, "to prevent abuse and fraud in the entry of judgments by confession on warrants of attorney." In that case the court allowed an amendment, but so as not to interfere with the rights of any judgment-creditors, which may have in the meantime attached.

Let a similar order be entered in this case, without costs to either party.